```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT


RICARDO COLLINS                :
                               :     PRISONER CASE NO.
     v.                        :     3:09-cv-704 (AVC)
                               :
JAMES DZURENDA, et al.         :
```

## ORDER

The plaintiff, incarcerated and pro se, has filed a complaint pursuant to 42 U.S.C. § 1983 (2000). Title 28, U.S.C. section 1915A provides, in relevant part, that the court must review prisoner complaints against governmental actors "as soon as practicable after docketing," and dismiss any portion of the complaint that either "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id.

Prisoners are required to exhaust their administrative remedies before commencing an action in federal court and must comply with all procedural rules regarding the grievance process. See Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001).

Failure to exhaust administrative remedies is an affirmative defense.  See Jones v. Bock, 549 U.S. 199, 216 (2007).  A court may, however, dismiss a complaint for failure to state a claim where the allegations on the face of the complaint establish that it is subject to dismissal, even on the basis of an affirmative defense.  While the second circuit has not fully interpreted the full extent of the Supreme Court's recent decision in Jones v. Bock, the court has noted that "[a]lthough section 1915A grants courts the authority to dismiss a complaint with prejudice, nothing in sections 1915 and 1915A alters the '[t]he settled rule . . . that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)).

Based upon the timing of the events set forth in the complaint, the plaintiff did not fully exhaust his administrative remedies prior to filing this lawsuit.  Therefore, the complaint must be dismissed.

The plaintiff asserts that on March 27, 2009, an inmate assaulted him while he attended religious services at Garner

Correctional Institution.  During the assault, the plaintiff sustained a cut to his left eye.  The plaintiff alleges that the defendants were deliberately indifferent to his safety when they permitted an inmate with a psychiatric condition to attend religious services without appropriate supervision by prison staff.  The plaintiff claims that Warden Dzurenda placed the plaintiff's life at risk when he failed to adhere to his own security policy which required inmates with mental health levels of 1 and 2 to be separated from inmates with mental health levels of 3 and 4.  The plaintiff seeks monetary damages.

The administrative remedies for the Connecticut Department of Correction inmates are set forth in Administrative Directive 9.6, entitled "Inmate Grievances."  Individual employee actions, matters relating to conditions of care or supervision and complaints concerning prison life are grievable.  Administrative Directive 9.6, Sections6(A)(3), (5) and (7), http://www.doc.state.ct.us/ad/ch9.  Pursuant to Administrative Directive 9.6, an inmate must first seek informal resolution of the issue.  If informal resolution is unsuccessful, the inmate must file a level one grievance.  Correctional staff has thirty days to respond to the level one grievance.  If the level one grievance is denied or if correctional officials fail to timely

respond, the inmate must appeal the denial to level two.  A response to the level two grievance will be issued within thirty days.  Administrative Directive 9.6, Sections 9, 10, 15 & 16.

The alleged assault at issue occurred on March 27, 2009. The plaintiff signed his complaint on April 14, 2009, and signed his in forma pauperis application on April 22, 2009.  A prison official signed the plaintiff's inmate account statement on April 24, 2009, and the court received the complaint on April 30, 2009, thirty-four days after the alleged assault.  Therefore, it appears to have been insufficient time for plaintiff to have sought informal resolution of the claims and to have filed and received responses to level 1 and 2 grievances prior to filing this lawsuit.

The second circuit has cautioned the district courts not to dismiss a case sua sponte without first ensuring that the plaintiff has notice and an opportunity to be heard.  See Abbas v. Dixon, 480 F.3d 636, 639-40 (2d Cir. 2007); Snider v. Melindez, 199 F.3d 108, 112 (2d Cir. 1999) (requiring the district court to afford prisoner notice and opportunity to demonstrate that he has exhausted his available remedies). Accordingly, the court directs the plaintiff to explain and show cause why this case should not be dismissed for failure to fully

4

exhaust his administrative remedies before filing this action. Any such dismissal would be without prejudice to plaintiff re-filing this action after fully exhausting his administrative remedies.

The plaintiff shall submit his response within **twenty (20)** days from the date of this order.  The plaintiff shall attach to his response copies of the informal resolution of his claim as well as level 1 and 2 grievances for the claim.  Failure to provide evidence of exhaustion, or evidence of why the plaintiff was not required to exhaust his administrative remedies, within the time provided, may result in the dismissal of this action without any further notice.

**SO ORDERED** at Hartford, Connecticut this 29th day of May 2009.

```
                                    / s /
                                   Alfred V. Covello,
                                   United States District Judge
```