```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

RICARDO COLLINS,                  :
   plaintiff,                     :    PRISONER CASE NO.
                                  :
     v.                           :    3:09-cv-704 (AVC)
                                  :
JAMES DZURENDA, et al.,           :
   defendants.
```

## RULING AND ORDER

The plaintiff, Ricardo Collins, is incarcerated and *pro se* and has filed a complaint pursuant to 42 U.S.C. § 1983 (2000), against Warden James Dzurenda and Commissioner Theresa Lantz. The plaintiff asserts that on March 27, 2009, an inmate assaulted him while he attended religious services at Garner Correctional Institution. During the assault, the plaintiff sustained a cut to his left eye. The plaintiff alleges that the defendants were deliberately indifferent to his safety when they permitted an inmate with a psychiatric condition to attend religious services without appropriate supervision by prison staff. The plaintiff claims that Warden Dzurenda placed his life at risk when he failed to adhere to his own security policy which required inmates with mental health levels of 1 and 2 to be separated from inmates with mental health levels of 3 and 4. The plaintiff seeks monetary damages.

Upon its initial review of the complaint, the court observed that there was insufficient time between the incident underlying the complaint and the date that the complaint was filed for the plaintiff to have fully exhausted his administrative remedies. The plaintiff signed his complaint on April 14, 2009 and signed

his *in forma pauperis* application on April 22, 2009.  A prison official signed plaintiff's inmate account statement on April 24, 2009, and the court received the complaint on April 30, 2009, thirty-four days after the alleged assault.  It is apparent, therefore, that there was insufficient time for plaintiff to have sought informal resolution of the claims and to have filed and received responses to level 1 and 2 grievances prior to filing this lawsuit.[1]

The second circuit has cautioned the district courts not to dismiss a case *sua sponte* without first ensuring that the plaintiff has notice and an opportunity to be heard.  See Abbas v. Dixon, 480 F.3d 636, 639-40 (2d Cir. 2007); Snider v. Melindez, 199 F.3d 108, 112 (2d Cir. 1999) (requiring district court to afford prisoner notice and opportunity to demonstrate that he has exhausted his available remedies).  Thus, on June 1, 2009, the court ordered the plaintiff to show cause why this case should not be dismissed for failure to fully exhaust his administrative remedies before filing this action.  The plaintiff

---

[1] The administrative remedies for the Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Grievances.  Individual employee actions, matters relating to conditions of care or supervision and complaints concerning prison life are grievable.  Administrative Directive 9.6, Sections 6(A)(3), (5) and (7).  Pursuant to Administrative Directive 9.6, an inmate must first seek informal resolution of the issue.  If informal resolution is unsuccessful, the inmate must file a level 1 grievance.  Correctional staff has thirty days to respond to the level 1 grievance.  If the Level 1 grievance is denied or if correctional officials fail to respond timely, the inmate must appeal the denial to level 2.  A response to the level 2 grievance will be issued within thirty days.  Administrative Directive 9.6, Sections 9, 10, 15 & 16.

filed his response to the order on June 17, 2009.

Prisoners are required to exhaust their administrative remedies **before** commencing an action in federal court and must comply with all procedural rules regarding the grievance process. See Woodford v. Ngo, 548 U.S. 81, 93-94 (2006).  Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement.  See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001).  Further, failure to exhaust administrative remedies is an affirmative defense.  See Jones v. Bock, 594 U.S. 199, 127 S. Ct. 910, 920 (2007).  The court cannot require a plaintiff to plead facts demonstrating the unavailability of an affirmative defense, such as exhaustion of administrative remedies, or dismiss a complaint for failure to provide evidence of exhaustion.  Id. at 921.  A court may, however, dismiss a complaint for failure to state a claim where the allegations on the face of the complaint establish that it is subject to dismissal, even on the basis of an affirmative defense.  See id. at 920-21 (acknowledging that court may dismiss a complaint *sua sponte* where an affirmative defense is apparent on the face of the complaint).

In response to the court's order, the plaintiff has not alleged that administrative remedies were not available to him or that the defendant prevented him from exhausting his administrative remedies.  See Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (recognizing that the exhaustion

requirement may be excused where administrative remedies are not available to prisoner, defendants acted to estop prisoner from exhausting administrative remedies or special circumstances exist to justify failure to comply with exhaustion requirement). Furthermore, it is evident that plaintiff was aware of the Department of Correction's grievance procedure before filing this action as he utilized the procedure in connection with claims asserted in a complaint filed in this court in December 2008. See Collins v. Bruno, et al., Case No. 08cv1943 (AVC).

The plaintiff contends, however, that he should be excused from exhausting his administrative remedies because those remedies cannot afford him the relief that he seeks, monetary damages. The Supreme Court has recognized that an inmate must exhaust administrative remedies before filing any type of action in federal court regardless of whether the inmate may obtain the specific relief he desires through the administrative process. See Booth v. Churner, 532 U.S. 731, 741 (2001) (holding that under section 1997e(a), a prisoner cannot "skip the administrative process simply by limiting prayers for relief to money damages not offered through administrative mechanisms. . . . Congress had mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.") Because the plaintiff did not fully exhaust his administrative remedies before filing this action, the complaint is dismissed without prejudice. See Richardson v. Goord, 347 F.3d 431, 434 (2d Cir. 2003)("a prisoner must exhaust his or her administrative remedies

prior to filing a claim under § 1983").

## Orders

In accordance with the foregoing analysis, the court enters the following orders:

The complaint [**doc. # 1**] is **DISMISSED** without prejudice to re-filing a new action after the plaintiff exhausts his administrative remedies on all claims included in the complaint. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(a).  If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3)(2000).  The Clerk is directed to send a copy of this order to the plaintiff, enter judgment for the defendant and close this case.

**SO ORDERED** at Hartford, Connecticut this 26th day of February, 2010.

```
     / s /
Alfred V. Covello
United States District Judge
```